**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIUMEI QIAN,<br>Petitioner,<br>v.<br>JAMES JANECKA, et al.<br>Respondents. | Case No. 5:26-cv-04453-MBK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Xiumei Qian is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Petitioner is a native and citizen of China, who entered the United States on or around February 2, 2026, on a non-immigrant visa. She subsequently filed an affirmative application for asylum. On or around August 3, 2026, immigration authorities detained Petitioner when she reported as instructed for a biometrics appointment at the United States Citizenship and Immigration Services ("USCIS") office in the City of Industry, California. In this habeas action, Ms. Qian argues her detention violates procedural and substantive due process. For the reasons that follow, the Court finds that the Petition should be denied.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Xiumei Qian is a native and citizen of China who was admitted to the United States on or around February 2, 2026, on a non-immigrant visa. Dkt. 1 at 5. She fled China, out of fear of persecution she experienced resulting from China's population-control program. *Id.* Petitioner thereafter filed an application for asylum and withholding of removal with USCIS, which remained pending as of the date Petitioner initiated this action. *Id.* at 6. In connection with her pending asylum application, Petitioner was instructed to appear at the USCIS office for a biometrics appointment, scheduled for August 3, 2026. *Id.* When she reported as required for her appointment, Immigration and Customs Enforcement ("ICE") officers arrested her. She was then transported to Adelanto Detention Facility, where she remains today. *Id.* Petitioner has not been previously detained in immigration custody and does not have any criminal history. *Id.*

After taking Petitioner into custody, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner. Her immigration case is ongoing. She had a master calendar hearing scheduled for August 18, 2026. *Id.* at 3.

Petitioner filed the instant habeas action on August 6, 2026. Dkt. 1. Petitioner argues that her detention violates procedural and substantive due process. *Id.* at 11-12. Among other relief, Petitioner requests the Court order her immediate release. *Id.* at 13. She expressly disclaims that she seeks a bond hearing. *Id.* at 3 ("Petitioner does not ask this Court to order a bond hearing."). Respondents filed their Answer on August 14, 2026. Dkt. 8. Respondents argue that the Immigration Courts lack the authority to conduct a pre-deprivation custody redetermination hearing. *Id.* at 2. Respondents also

state that Petitioner "appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*," and argue that, to the extent she has not requested a bond hearing, her claims are unexhausted. *Id.* at 3. Petitioner did not file a reply.

## II. DISCUSSION

Petitioner claims that her ongoing detention violates procedural due process because she was not afforded notice or a hearing before she was detained. Dkt. 1 at 11. In support of her argument, Petitioner cites court decisions finding that the Government violated due process by re-detaining a noncitizen who had been previously released from custody without a pre-deprivation hearing or a material change in circumstances. *Id.* at 9 (citing *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1102 (E.D. Cal. 2026); *E-M- v. Hermosillo*, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026); and *Singh v. Noem*, 824 F. Supp. 3d 1197, 1209 (D.N.M. 2026)). However, unlike in those cases, Petitioner was not previously released from immigration custody and there is no other indication that the Government previously determined that she could remain at liberty while she pursues her immigration claims. She entered the United States on a non-immigrant visa and thereafter remained in the country while she seeks asylum. As such, Petitioner does not have a conditional liberty interest in remaining released under the terms of a prior release order. *See Singh*, 824 F. Supp. 3d at 1210. Petitioner therefore fails to show that procedural due process required the Government to provide notice and hearing before taking her into custody.

Petitioner also argues that her ongoing detention violates substantive due process because it is not "reasonably related to any legitimate purpose." Dkt. 1 at 12. She argues that her record in the United States shows that she is

not a flight risk, she has no criminal history, and "has been found by no adjudicator to be dangerous." *Id*. However, as Respondents acknowledge, Petitioner is eligible for a bond hearing pursuant to 8 U.S.C. 1226(a), at which an Immigration Judge will evaluate whether she is entitled to release because she is not a danger or flight risk. Dkt. 8 at 3. Respondents argue "to the extent Petitioner has not yet requested such a bond hearing from the Immigration Court, Petitioner has not yet properly exhausted her available administrative remedies, and her Petition is defective on that basis." *Id*. at 3-4. Petitioner does not indicate whether she has requested such a bond hearing. She also does not provide any basis why the Court should excuse her apparent failure to exhaust administrative remedies. See *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (holding that "habeas petitioners" must typically "exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter," unless they demonstrate that a waiver of the exhaustion requirement is warranted). As such, Petitioner's substantive due process claim is subject to dismissal for failure to exhaust.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the Petition and dismisses the action.

Dated: August 27, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE